UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MCCOY, | No. 2:22-cv-1770 AC P |
| Petitioner, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, | |
| Respondent. | |

Petitioner, a county jail inmate proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 1, 2. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated below, petitioner will be given the opportunity to convert the instant habeas petition to a civil rights action under 42 U.S.C. § 1983.

I. THE PETITION

A review of the petition indicates that petitioner is challenging his living conditions in the Sacramento County Jail. See ECF No. 1 at 3-8. Specifically, petitioner states that he has been deprived of his medication and that sewage water leaking into his cell led to him falling and hurting himself. Id. at 4. He alleges that jail deputies knew about the condition of his cell, but they failed to intervene and remedy the problems. See generally id. at 5.

1

Petitioner also states that the instant petition is an attempt on his part to address issues raised in McCoy v. Sacramento Jail Mental Health Services ("McCoy I"), No. 2:19-cv-1093 KJM AC P, a civil rights case. See ECF No. 1 at 7. A review of that case indicates that it was dismissed without prejudice on December 10, 2021, for failure to prosecute. McCoy I, ECF Nos. 17-19 (findings and recommendations, judgment, order).

## II. DISCUSSION

### A. Applicable Law

Habeas petitions filed pursuant to 28 U.S.C. § 2254 are to be used to challenge the fact or duration of an inmate's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Claims filed by an inmate which, if successful, would not necessarily lead to immediate or speedier release from custody fall outside the core of habeas corpus and must be pursued – if at all – in a civil rights action under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016).

### B. Analysis

In the instant pleading, petitioner has raised claims that relate to the conditions of his confinement and possible violations of right by Sacramento County Jail officials. See generally ECF No. 1. At no point in the petition does he challenge a sentence or conviction. See id. Furthermore, the previously filed case petitioner references in the instant petition, and which he states he would like to continue to litigate, was a civil rights matter. This further supports the court's determination that this action has been improperly filed as a habeas case.

In such situations, a litigant should be given the opportunity to convert the petition to a civil rights complaint. See generally Nettles, 830 F.3d at 936 (holding conversion of habeas petition to civil rights complaint permissible if litigant is warned of consequences of conversion); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action . . . is the proper method of challenging conditions of confinement."). Without conversion of this habeas petition to a civil rights cause of action, it will have to be dismissed for lack of jurisdiction because Section 2254 governs only the legality or duration of confinement. Badea, 931 F.2d at 574. It does not govern conditions of confinement.

The court will give petitioner the opportunity to convert the petition to a Section 1983 civil rights action if he wishes to do so. To that end, he will be sent a copy of court's Civil Rights Complaint By A Prisoner form to fill out and return to the court.[1] Return of the completed complaint form will signify that petitioner would like for this matter to proceed as a civil rights cause of action.

Petitioner is informed, however, that if he opts to convert this matter to a civil rights complaint, he will be subject to different requirements such as the administrative exhaustion of each of his claims within the Sacramento County Jail grievance system and the payment over time of a substantially larger filing fee.[2] See 28 U.S.C. §§ 1914, 1915 (filing fee requirements); 42 U.S.C. § 1997e (administrative exhaustion requirements).

Petitioner will be given thirty days to file a civil rights complaint in this court. He is cautioned that failure to file the complaint within the time allotted will result in a recommendation that this matter be dismissed in its entirety for lack of jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send petitioner a copy of the court's Civil Rights Complaint By A Prisoner form;

2. Within thirty days of the date of this order, petitioner shall complete and file the civil rights complaint in this court;

3. Filing of the complaint shall signify that petitioner wishes to convert this matter to a civil rights action pursuant to 42 U.S.C. § 1983, and

////
////
////
////

---

[1] Petitioner is informed that the completed complaint must state each claimed violation of right, supported with brief facts, and it must identify by name each individual defendant who violated petitioner's rights.

[2] Currently, the filing fee for a non-habeas civil action is $350.00. See 28 U.S.C. § 1914(a). Petitioner will, however, be permitted to pay the filing fee over time. See 28 U.S.C. § 1915(b).

4. Petitioner's failure to file the completed civil rights complaint form within the time allotted will result in a recommendation that the instant habeas petition be dismissed for lack of jurisdiction.

DATED: November 17, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE