UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY, | No. 2:22-cv-1770 AC P |
| Petitioner, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, | |
| Respondent. | |

Petitioner has filed a second request for the appointment of counsel. ECF No. 8. In the motion, petitioner also states that he would like to have this matter converted to a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 8 at 3. For the reasons stated below, the motion will be denied, and petitioner will be directed for a second time to file a civil rights complaint with the court.

I. MOTION TO APPOINT COUNSEL

Petitioner's first request for the appointment of counsel, which was denied, was made less than a month ago. See ECF Nos. 5 (motion), 6 (order denying motion). In support of the instant motion, petitioner again states that he is indigent; that he is barely literate; and that he has a learning disability. Compare ECF No. 5 at 1 with ECF No. 8 at 2. The instant motion provides no additional information that would justify the appointment of counsel. See generally ECF No. 8.

As petitioner has been informed, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. There is also no right to appointed counsel in a civil rights action under 42 U.S.C. § 1983. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). District courts may request the voluntary services of pro bono counsel only in extraordinary circumstances. Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time, or that extraordinary circumstances exist that would warrant appointment.

II.  REQUEST TO CONVERT MATTER TO SECTION 1983 ACTION

In the motion for appointment of counsel, petitioner also asks the court to convert this habeas matter to a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 8 at 3. In addition, he asks the court to issue an order stating that he is proceeding pro se so that he can access the law library and the pro per telephone. Id.

In the screening order issued November 17, 2022, petitioner was told that filing a civil rights complaint on the form that was sent to him would signify to the court that he wished to convert his petition to a civil rights complaint. ECF No. 7 at 3. At that time, petitioner was sent a copy of the court's Civil Rights Complaint By A Prisoner form, and he was given thirty days to complete and return it. Id. Time still remains within the thirty-day period for petitioner to do so.

The court acknowledges that petitioner would like to convert the matter to a civil rights action. However, in order for this case to move forward any further, petitioner must first fill out the civil rights complaint form that was sent to him and file it with the court. Thereafter, the court will review petitioner's pending application to proceed in forma pauperis as a civil rights litigant (instead of as a habeas litigant)[1] and issue an order regarding whether he may proceed in forma pauperis. The court will also screen the complaint at that time. The court is unable to issue an

---

[1] The filing fees for habeas litigants and civil rights litigants differ greatly. See 28 U.S.C. § 1914(a).

order "granting" petitioner "pro se status." The fact that petitioner is representing himself in this matter makes him, by definition, a pro se litigant.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for the appointment of counsel (ECF No. 8) is DENIED without prejudice; and

2. Petitioner must complete and file the Civil Rights Complaint By A Prisoner form recently sent to him within the period remaining (<u>see</u> ECF No. 7 at 3) (screening order) in order to convert this matter to a civil rights action.

DATED: December 8, 2022

<u>/s/ Allison Claire</u>
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE