UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY,<br><br>        Plaintiff,<br><br>       v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>        Defendants. | No.  2:22-cv-01770 AC<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a former county inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Currently pending before the court is plaintiff's first amended complaint for screening.  ECF No. 13.

      I.      Screening Standard

      The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

## II. Allegations in the Amended Complaint

At all times relevant to the allegations in the amended complaint, plaintiff was a mentally ill inmate at the Sacramento County Jail. He challenges his medical and mental health treatment, living conditions, and his injuries resulting from a slip and fall accident.

## III. Analysis

Examination of the amended complaint and review of the court's dockets reveal that plaintiff's complaint contains allegations that are identical to, and therefore duplicative of, claims raised in the complaint docketed on October 6, 2022, in McCoy v. Sac County Jail, No. 2:22-cv-01769-CKD (E.D. Cal.).[1] Plaintiff filed this case on the exact same day using the exact same type of form as in the earlier filed action. Although the complaints in the two actions are not photocopies of the same document, the factual allegations are the same.

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal. See Cato v. United States, 70 F.3d 1103, 1105, n. 2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious. See Bailey, 846 F.2d at 1021. The court finds that plaintiff's complaint is duplicative of that filed in McCoy v. Sac County Jail, No. 2:22-cv-01769-CKD (E.D. Cal.) (E.D. Cal.), because it repeats the same allegations against the same defendants. For this reason, the

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

undersigned recommends dismissing the amended complaint as duplicative.

IV. <u>Plain Language Summary for Pro Se Party</u>

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

You filed the same claims against Sacramento County Jail officials in two different cases, but the law only allows you to pursue these claims in one case. Because this case was filed after the first case, it is recommended that this case be dismissed. This recommendation still allows you to pursue your claims against Sacramento County Jail officials in your earlier filed lawsuit of <u>McCoy v. Sac County Jail</u>, No. 2:22-cv-01769-CKD.

If you can explain how these two cases are different, you may do so within 14 days of this order. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed as duplicative of a prior action.
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 17) be denied as moot in light of the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE